# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JODY K. BUTTS, | : | **CIVIL NO. 1:20-cv-172** |
| Plaintiff, | : | |
| v. | : | (Chief Magistrate Judge Schwab) |
| ACCESS DA OFFICE AND COURT FILING ALERT SYSTEM, *et al.* Defendants. | : | |

## ORDER
April 13, 2020

## I. Introduction.

The plaintiff, Jody K. Butts ("Butts"), initiated this case by filing a complaint on January 31, 2020. *Doc. 1*. After conducting a screening review of Butts's complaint under 28 U.S.C. § 1915(e)(2), we conclude that it fails to state a claim upon which relief may be granted. It is also unclear whether Butts intended to file one or two complaints. Accordingly, because the complaint is unclear and it fails to state a claim upon which relief can be granted, we will grant Butts leave to amend the complaint.

## II. Background and Procedural History.

On her Civil Cover Sheet, Butts lists the basis for jurisdiction as federal question for "Other Civil Rights" violations. *Doc. 1-1* at 1-2. The complaint is

seemingly a combination of two complaint forms—the first listing Alert System ("Alert") as the defendant and the second listing Scott Elliot Murray ("Murray") as the defendant. *Doc. 1* at 1, 3.

Butts's complaint is short with few factual allegations. *Doc. 1*. And her complaint is disorganized and at times difficult to decipher. *Doc. 1*. The additional documents that she attached to her complaint do not clarify the nature of her claims. *Doc.1-2* at 1-15. From what we can interpret, it appears in the first section of the complaint that Butts alleges there was a wrongful filing of her "PFA." *Doc. 1* at 1. She also mentions discrimination, a wrongful court filing, and being blamed for something. *Id*. She further alleges that there was a conspiracy between two intake associates at the "YWCA" named "Stewart" and "Mary." *Id*. at 2. While the association between the two intake associates and Butts is unclear, she alleges that they told "one another what's going on with [her.]" *Id*. Butts also included what appears to be a second complaint against defendant Murray only, where she merely alleges that she is "filing lawsuit on him as [an] ABUSER for 9 years 2011-2020." *Id*. at 3-4.

Butts filed an application to proceed *in forma pauperis*, which we granted on February 13, 2020. *Doc. 4*. We now conduct a screening review of Butts's complaint under 28 U.S.C. § 1915(e)(2).

**III. Discussion.**

    **A. Screening of *In Forma Pauperis* Complaints—Standard of Review.**

Under 28 U.S.C. § 1915(e)(2), the court must dismiss a complaint that "fails to state a claim on which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578

3

F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id*.

In deciding whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of America*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. County of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. In practice, this leads to a three-part standard:

> To assess the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must: First, take note of the elements a plaintiff must plead to state a claim. Second, identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (internal quotation marks and alterations omitted) (quoting *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011)).

Complaints brought *pro se* are afforded more leeway than those drafted by attorneys. In determining whether to dismiss a complaint brought by a *pro se* litigant, a federal district court is "required to interpret the *pro se* complaint liberally." *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**B. The Complaint Fails to State a Claim on Which Relief Can Be Granted.**

Butts's complaint is difficult to understand. It is unclear if she is attempting to file one or two different complaints. Further, Butts's allegations are not clear, and the attached documentation seems to have little connection to her alleged claims. As a result, it is difficult to comprehend what Butts's cause of action is and whether there are facts that support it. Thus, given that her complaint is almost entirely incomprehensible, it fails to state a claim upon which relief can be granted.

Butts also violates Fed.R.Civ.P. 20, which governs permissive joinder of parties. "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan v.*

5

*Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). But the liberal policy of joinder under Rule 20 does not mean that unrelated claims and defendants can be joined in one action. Rather, the requirements of Rule 20(a)(2) regarding joinder of defendants must be satisfied, and that Rule provides that persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2).

Here, Butts's complaint is based on two different events that appear to have no connection to each other. Butts lists two different defendants, Alert and Murray. But Butts fails to plausibly allege that the claims against these two defendants arise out of the same transaction, occurrence, or series of transactions or occurrences or that there is a question of law or fact common to all the defendants. Thus, Butts's complaint fails to comply with Rule 20.

Before dismissing a complaint under the screening provision of 28 U.S.C. § 1915(e)(2), the court must grant the plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, we will grant Butts leave to amend her complaint within thirty days of this order. Butts may file an amended complaint to

6

attempt to state a claim upon which relief may be granted and to clarify how many complaints she is looking to file.

**IV. Order.**

For the foregoing reasons, **IT IS ORDERED** that Butts may file an amended complaint within 30 days of the date of this Order.[1]

<u>*S/Susan E. Schwab*</u>
Susan E. Schwab
Chief United States Magistrate Judge

---

[1] Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Fed.R.Civ.P. 10(a). "The plaintiff is advised that any amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id*. "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id*. In other words, if an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure, including the requirements that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim," and "a demand for the relief sought." Fed.R.Civ.P. 8(a)(1)–(3). Further, "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b). And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*.